[No. 2050.   Decided June 27, 1896.]

PORT TOWNSEND SOUTHERN RAILROAD COMPANY, *Appellant*, v. A. R. COLEMAN *et al.*, *Respondents*.

#### EVIDENCE.

Where by the terms of a subsidy bond the obligee was given until September 1, 1890, to complete a certain amount of railroad line, in an action upon the bond after that date, evidence showing the condition of the road July 1, 1890, is inadmissible.

Appeal from Superior Court, Jefferson County.— Hon. R. A. BALLINGER, Judge.   Reversed.

*S. H. Piles*, and *J. E. Lilly*, for appellant.

The opinion of the court was delivered by

SCOTT, J.—This was an action upon a subsidy bond executed by the defendants to the plaintiff in the sum of $1,000, conditioned that if the plaintiff should, on or before the 1st day of September, 1890, build, equip and operate a line of railroad twenty miles southerly from a certain point (in the city limits of Port Townsend), then one-fourth of the amount subscribed should immediately become due and payable, the balance to be paid on the 1st day of September, 1892, provided the road should be completed before that time to a connection with a transcontinental railroad. Judgment having gone against the plaintiff, this appeal was taken.  No appearance has been made in this court by any of the defendants.

Upon the trial the court permitted testimony to be given as to the condition of the road on the 1st of July, 1890, to the effect that it had not at that time been completed in accordance with the conditions of the bond.  This was error, for the plaintiff had until

the 1st day of September in which to complete the first twenty miles of road, and there was no proof to show that the road was in the same condition on the 1st of September as it was on the 1st of July, to which time such testimony related.

A number of other questions have been submitted by appellant over the instructions given by the court to the jury, but owing to the fact that there has been no appearance in this court by the defendants, and that we would be called upon to decide them on the argument of one side only, and to the further fact that the same questions may not again arise on a re-trial of the cause, as the testimony may be different, we will not consider them.

Reversed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.